

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2008

# In Re: Weeks Marine

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3586

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Weeks Marine " (2008). *2008 Decisions.* Paper 1380.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1380

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 06-3586 & 06-4639

_____

IN RE: COMPLAINT OF WEEKS MARINE, INC.
    AS OWNER OF THE WEEKS 263 LOADLINE DECK
    BARGE, WEEKS 272 CARFLOAT AND WEEKS 524
    GANTRY CRANE, FOR EXONERATION FROM OR
    LIMITATION OF LIABILITY

    SOUTH JERSEY PORT CORPORATION,
                Appellant in No. 06-3586

_____

IN RE: COMPLAINT OF WEEKS MARINE, INC.
    AS OWNER OF THE WEEKS 263 LOADLINE DECK
    BARGE, WEEKS 272 CARFLOAT AND WEEKS 524
    GANTRY CRANE, FOR EXONERATION FROM OR
    LIMITATION OF LIABILITY

    S.T. HUDSON ENGINEERS, INC.,
                Appellant in No. 06-4639

_____

On Appeal from Orders of the United States District Court
for the District of New Jersey
Honorable Freda L. Wolfson
(D.C. No. 04-cv-00494)

_____

Argued November 29, 2007

Before: BARRY, FUENTES, and GARTH, <u>Circuit Judges</u>

(Opinion Filed March 27, 2008)

––––––––––

John Mattioni                  **[ARGUED]**
Dante Mattioni
Mattioni Limited
399 Market Street
Suite 200
Philadelphia, PA  19106-0000
*Counsel for Appellant*
*South Jersey Port Corporation*

Dante C. Rohr
Mattioni Limited
1316 Kings Highway
Swedesboro, NJ  08085
*Counsel for Appellant*
*South Jersey Port Corporation*

Mary E. Reeves              **[ARGUED]**
Donna Adelsberger & Associates
6 Royal Avenue
P.O. Box 530
Glenside, PA  19038-0000
*Counsel for Appellee*
*Weeks Marine, Inc.*

Edward V. Cattell, Jr.       **[ARGUED]**
Hollstein, Keating, Cattell, Johnson & Goldstein
750 Route 73 South
Willow Ridge Executive Office Park, Suite 301
Marlton, NJ  08053-0000
*Counsel for Appellee*
*S.T. Hudson Engineers, Inc.*

George E. Pallas
Cohen, Seglias, Pallas, Greenhall & Furman
30 South 17th Street, 19th Floor
Philadelphia, PA  19103-0000
*Counsel for Appellee*
*Hill International, Inc.*

Stephen P. Pazan
Spector, Gadon & Rosen
1000 Lenola Road
P.O. Box 1001
Moorestown, NJ  08057-0000
*Counsel for Appellee*
*W.H. Streit, Inc.*

Stacy L. Moore, Jr.
Parker McCay
7001 Lincoln Drive West
3 Greentree Centre, P.O. Box 974
Marlton, NJ 08053-0000
*Counsel for Appellee*
*Home Port Alliance for the USS New Jersey*

OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>

The case before us consists of two consolidated appeals arising out of the same set of facts.  In 2001, two sections of a pier at the Beckett Street Marine Terminal (the "Terminal") located on the Delaware River in Camden, New Jersey, and owned by the South Jersey Port Corporation ("SJPC"), collapsed.  SJPC contends that pile driving that was taking place at a construction site upstream created an underwater landslide that led

directly to the collapse of the pier sections. The upstream construction site involved work by a number of different entities, including S.T. Hudson Engineers, Inc. ("Hudson") as the engineer; Weeks Marine, Inc. ("Weeks") as the company employed to conduct the pile driving; and Hill International, Inc. ("Hill") as the construction manager.

At the time of the collapses, the pier was insured by Lexington Insurance Company ("Lexington"). The insurance policy in question was an all-risks policy and required Lexington to cover the replacement value of the pier, with a maximum limit of $15 million. SJPC originally filed a claim with Lexington for the replacement value of the piers, which it claimed exceeded the $15 million limit, on the theory that the pier sections had collapsed due to the pile driving at the Memorial Pier site. When Lexington denied the claim, SJPC brought a declaratory judgment action against Lexington.

While the declaratory judgment action was pending, SJPC brought an action in Superior Court against Hudson, Weeks Marine, and Hill, again asserting that the damage to the pier was caused by pile driving performed by Weeks. In response, Weeks filed an action in the District Court of New Jersey, seeking the protection of the Limitation of Vessel Owner's Liability Act ("Limitation Act"), 46 U.S.C. App. § 181, et seq. (current version at 46 U.S.C. § 30501, et seq.). The District Court subsequently stayed the Superior Court action.

The declaratory judgment action was settled for $7.3 million. The settlement represented "full and final payment under the Policy for all losses and/or claims arising out of the collapses." (App. 1525-29). As part of this settlement, Lexington agreed to

4

assign back to SJPC the subrogation rights under the policy. Those rights would have allowed Lexington to sue the alleged tortfeasors in the shoes of SJPC.

SJPC continued its action against Hudson, Weeks Marine, and Hill, filing an affirmative counterclaim with its answer that repeated the allegations brought in the original Superior Court complaint. Weeks Marine moved to dismiss SJPC's strict liability cause of action, asserting that federal maritime law preempts state law and that pile driving is not an abnormally dangerous activity to which strict liability will attach. The District Court converted Weeks Marine's motion into a motion for summary judgment, and granted it on September 19, 2005.

On September 27, 2005, Hudson filed a summary judgment motion seeking to have SJPC's remaining claims dismissed. Hudson's motion was based on the theory that SJPC was precluded from pursuing an action against it premised on Lexington's assignment of its right of subrogation. Hudson also made a demand pursuant to Fed. R. Civ. P. 11 that SJPC withdraw its claims.

On June 30, 2006, the District Court entered an order granting Hudson's summary judgment motion. In its accompanying opinion, the District Court noted that SJPC submitted a Statement of Damages asserting that the damages it sustained as a result of the pier section collapses totaled $6.3 million. It also noted that SJPC had already recovered $7.3 million from the settlement with Lexington. The District Court concluded that although the transfer of the subrogation rights from Lexington back to SJPC was permissible under New Jersey state law, further recovery by SJPC pursuant to the

5

subrogation rights would constitute impermissible double recovery. The District Court granted subsequent summary judgment motions by Weeks Marine and Hill against SJPC on the same grounds.

On August 7, 2006, Hudson filed a motion for sanctions pursuant to Fed. R. Civ. P. 11, seeking legal fees, costs, and expenses. The District Court denied Hudson's motion on October 17, 2006, and subsequently dismissed any and all remaining claims that were pending by or against all parties.

SJPC filed a timely appeal from the District Court's grant of summary judgment to Hudson, Weeks Marine and Hill, asserting that the District Court's decision was in error because (1) pile driving is an abnormally dangerous activity, and strict liability for such is not preempted by maritime law, and (2) the assignment of the subrogation rights was valid. Hudson filed a timely cross-appeal from the District Court's denial of Hudson's motion for sanctions, asserting that the District Court abused its discretion by failing to impose sanctions on SJPC.

We have jurisdiction pursuant to 28 U.S.C. § 1291. After a careful and thorough review of the record on appeal, we discern no error in the District Court's rulings on the summary judgment and sanctions motions. Accordingly, we affirm substantially for the reasons set forth in the District Court's written opinions. See Laird v. Horn, 414 F.3d 419, 425 (3d Cir. 2005) (reaching its decision "for substantially the reasons set forth by the district court in its well-reasoned opinion").